UNITED STATES of America,
Appellee,

v.

Richard KELLY, Appellant.

No. 14542.

United States Court of Appeals
Third Circuit.

Argued March 3, 1964.

Decided March 24, 1964.

* Senior Circuit Judge of the First Circuit, sitting by designation.

Stayback, 212 F.2d 313, 320 (3 Cir. 1954). Admittedly, in the present situation, as appellant states, "The court was seeking to ferret out the truth." And the district judge in this instance was completely conscious of his proper role and the necessity of keeping within it. In that endeavor, from our own examination of the trial record, the court's questioning did not result in substantial error.

We take this opportunity of cautioning our trial judges to continue exercising meticulous care to avoid unfair implications which might arise from any examination of a trial witness undertaken by them.

The judgment of the district court will be affirmed.

---

Frederic C. Ritger, Jr., Newark, N. J. (Van Riper & Belmont, Newark, N. J., on the brief), for appellant.

Jerome D. Schwitzer, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN and FORMAN, Circuit Judges, and LEAHY, District Judge.

PER CURIAM.

The proofs here fully justified, indeed required, submission to the jury of the basic trial question involved i. e. whether appellant had participated in the conspiracy set out in the indictment.

Complaint is also made concerning the questioning at some length by the trial judge of appellant as a witness. The court, quite similarly, interrogated the opposite number witness for the Government. As to undue participation by a judge in the interrogation of witnesses, "The test is not the number of questions which the trial court asks." United States v. DeFillo, 257 F.2d 835, 839 (2 Cir. 1958). The test is whether, because of such questioning, the defendant was prejudiced. United States v.