**UNITED STATES of America,**
**Appellee,**

v.

**Rocco PARADISE, Carlo Morelli**
**Rocco Paradise, Appellant.**

**No. 14569.**

United States Court of Appeals
Third Circuit.

Argued June 19, 1964.

Decided July 17, 1964.

Frank E. Vittori, Camden, N. J., for appellant.

Lee B. Laskin, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

Appellant, with Carlo Morelli who does not appeal, was convicted of possession of counterfeit money and for conspiracy to pass counterfeit money.

It is ·conceded that on November 2, 1961, Camden, New Jersey detectives were informed by Federal Secret Service

agents that appellant and Morelli, local residents, known to the Camden police, were believed to be in the possession of counterfeit money. Two weeks previously, the detectives had been advised that the same two people were in possession of a large sum of money and believed to be in possession of a gun. Late the afternoon of November 2nd, Camden detectives set up a watch in the vicinity of appellant's residence. About 9:30 that night, Morelli, with Paradise in his car, drove in front of appellant's residence and stopped. The officers wished to talk to Paradise who got out of the car. One of them who knew Paradise, told him he would like to talk with him. The officer then testified "At the same time, I turned to look who was the driver and there on the front seat was the butt of a gun sticking out of a bag." He took it out of the car. It was fully loaded and there were extra bullets in the same paper bag. He said further "When I picked up the gun I picked up another package that the gun was on top of and brought them both out of the car at one time." That second package was another paper bag which contained 246 counterfeit ten dollar bills. Appellant was later searched and 32 counterfeit $10 bills were found in his left front pocket together with $11 of genuine currency in his right front pocket. All of the counterfeit bills were identified as from the same source.

Paradise explained his possession of the money by saying that on their way to Camden they stopped at his brother-in-law's used car lot in Baltimore. He saw a bag on the front seat of an automobile which had come into the lot. He looked into the bag, saw that it contained money, took the bag, put it in Morelli's car and they drove on to Camden. At Morelli's house, according to Paradise, he found that the bag also contained a gun.

Appellant and Morelli were indicted on December 6, 1961. Appellant pleaded not guilty January 5, 1962. Trial started March 18, 1963.

At the trial for the first time a motion was made on behalf of appellant to suppress the evidence obtained from the Morelli car and appellant's person on November 2, 1961. The judge held a full hearing. After its conclusion he decided that (1) under Federal Criminal Rule 41(e) the motion came too late and (2) on the merits, that there was no illegal search and seizure.

We must agree with the trial court on both grounds. Under 41(e) this kind of motion is to be made prior to trial unless there was no opportunity or a defendant was unaware of his rights in such situation. Here there was not a semblance of excuse. Appellant had been represented by counsel at least from the date on which he entered his plea, over fourteen months prior to the trial motion. In the circumstances, under the language of the rule whether the motion would be determined on its merits was for the discretion of the court. That discretion was properly exercised in this instance. United States v. Di Donato, 301 F.2d 383 (2 Cir. 1962), cert. den. 370 U.S. 917, 82 S.Ct. 1557, 8 L.Ed.2d 497 (1962); cf. United States v. Milanovich, 303 F.2d 626 (4 Cir. 1962), cert. den. 371 U.S. 876, 83 S.Ct. 145, 9 L.Ed.2d 115 (1962). The court, as a protective measure, having heard the evidence on the motion, proceeded to rule on its merits, holding that the search was incident to a legitimate arrest. It was admitted at the trial that the possession of a concealed deadly weapon in the State of New Jersey is a crime. This was the basis of the arrest of Paradise and Morelli. In seizing the gun in the paper bag, the detective picked up another paper bag under it which contained counterfeit money. Paradise, already under arrest, was searched and more counterfeit money discovered. Appellant's basic complaint is that the trial judge believed the police officer's testimony that he saw the butt of the pistol protruding from the bag when he looked into the Morelli automobile to see who was driving. There was no search warrant in this case, nor need for any. Probable cause

for the arrest existed in the openly exposed weapon. Its presence in the automobile was presumptive evidence of its possession by the car's occupants (N.J. S.A. 2A:151–41). The city policeman had the right and duty to take the weapon. The examination of the contents of the other bag and the search of appellant's person were reasonably incident to the arrest. Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); Agnello v. United States, 269 U.S. 20, 30, 46 S.Ct. 4, 70 L.Ed. 145 (1925). In the late decision of Preston v. United States, 376 U.S. 364, 368, 84 S.Ct. 881, 884, 11 L.Ed. 2d 777 (1964), the search, as the Court held, was " * * * too remote in time or place to have been made as incidental to the arrest, * * *." That opinion is not applicable to the facts before us.

We find no merit in the contentions that appellant's motions for acquittal on both the possession and conspiracy charges should have been granted. Our examination of the record shows that there was sufficient evidence and reasonable inferences from the evidence to warrant submission to the jury of both counts of the indictment against appellant.

■ Certain alleged errors in the charge of the court as to circumstantial evidence and proof of conspiracy are urged as grounds for reversal. These were not objected to below nor had there been any requests to charge regarding their subject matter. They will not be considered on this appeal. Rule 40, Federal Rules of Criminal Procedure.

■ It is contended that the judge committed reversible error in his questioning of the appellant. As to this the judge told the jury:

"My examination, ladies and gentlemen, is not a cross-examination; my examination is a search to see if I can comprehend and understand the story that Mr. Paradise tells.

"Failing in that understanding and comprehension, I consider it possible that some members of the jury would have the same lack of understanding and comprehension, and may desire elucidation and clarification of the story Mr. Paradise has related here in following the story.

"So that feeling that way, I seek information. I do not seek it in either the category that Mr. Vittori does, as counsel for this gentleman, or as Mr. Kmiec, as Prosecutor.

"I just seek or attempt to seek the truth of the facts and circumstances surrounding the issue, and that is all I want you to consider.

"You have your objection noted, Mr. Vittori."

The court in the formal charge said:

"I have likewise charged you that you are the sole judges of the facts. While the weight and credit to be given to the testimony of the witness is the province of the jury, it is also proper for the Court to make such observations regarding the witnesses as to their credibility as the Court may feel the circumstances of each particular case may require. Such observations by the Court are not to impinge upon the rights of the jury or to usurp its function in weighing the evidence, but are limited solely to the duty of assisting the jury in your deliberations.

"I specifically reiterate that if your recollection is different than mine, it is your recollection that controls and it is your observation of the witness, and if your observation of the witness leads you to a different conclusion than mine, you are the final judges of the weight and the credit of the evidence."

After some discussion of the evidence, the judge at the conclusion of his charge stated:

"Likewise, I repeat to you that it is not the Court's intention or function to usurp your duties or rights in determining what weight and credit shall be given to the witness-

es, and again I admonish you that if your belief in this regard is different from mine, then it is your belief that controls."

Upon the whole record we do not find substantial error in the court's examination of appellant. United States v. Kelly, 329 F.2d 314 (3 Cir. 1964).

■ In his charge, the judge explained the principle of reasonable doubt to the jury correctly and at length. Counsel for appellant had given his idea of reasonable doubt to the jury. The judge spoke to the jury regarding this, saying:

"But his explanation left me with the thought that it inferred that if any possible doubt existed in your mind, that you must be convinced completely and without any doubt in this matter before you can find the defendants guilty.

"Now, this is not so. This is not the law. I just charged you what the law is. A reasonable doubt is exactly what it says, a reasonable doubt. And as I have told you, anything connected with human beings which has to be established to 12 men and women by the testimony of other human beings testifying regarding events that took place, 14, 15, 16 months ago is subject to a possible doubt.

"The question is, is the doubt a reasonable one. Let me repeat for your benefit what I said to you before and what the law is."

Continuing, the court repeated his full statement on reasonable doubt. We find no error in this incident.

Counsel for appellant also explained to the jury his conception of legal possession of counterfeit money. The court considered that this needed comment, as it did, which the court made. We find no error in that connection.

■ On the whole record we are satisfied that there was convincing evidence justifying appellant's conviction for possession of counterfeit money and for con-

spiracy to pass counterfeit money and that there was no trial error which would warrant reversal.

The judgment of the district court will be affirmed.