**UNITED STATES of America**

v.

**John W. ADAMS.**

**Crim. No. 425–68.**

United States District Court
District of Columbia.

Sept. 23, 1968.

James E. Kelley, Jr., Asst. U. S. Atty., Washington, D. C., for the United States.

Eugene J. Fitzpatrick, Washington, D. C., for defendant.

## MEMORANDUM OPINION

GASCH, District Judge.

At trial defendant Adams' counsel objected to the admission in evidence

1. *E. g.*, Bell v. United States, 102 U.S.App. D.C. 383, 387, 254 F.2d 82, 86, *cert. de-*

of certain Government exhibits and moved under Rule 41(e) of the Federal Rules of Criminal Procedure to suppress a television, television stand and cardboard box seized by police officers on the ground that there was no probable cause for the arrest. Rule 41(e) states that the motion shall be made before trial unless there was no opportunity to do so or unless the defendant was unaware of the grounds for the motion. Local Rule 87 (D.D.C.R. 87), requires that a motion to suppress be made prior to trial. The defendant has not shown, indeed has not even asserted, either that it was not possible to make the motion prior to trial or that he was unaware before the trial commenced of the grounds for the motion. Defendant had the benefit of a transcript of the preliminary hearing. This motion, therefore, appears untimely. United States v. Paradise, 334 F.2d 748 (3d Cir., 1964). Exercising the discretion provided under both rules, however, and since this case was tried without a jury, the Court allowed the motion to be made and considered testimony and argument by both counsel. F.R.Crim.P. 41 (e); D.D.C.R. 87.

The issue of probable cause in the facts of this case turns on the point at which the defendant Adams was arrested, the propriety of the police conduct prior to that point and the determination of what, in light of all of the circumstances at that moment, a reasonable, prudent police officer was entitled to believe.[1]

The testimony revealed that the arresting officers were routinely patrolling north on 14th Street near Monroe Street, a high crime area to which they had been assigned and with which they had been familiar for more than two years. They had learned from repeated roll call briefings and from experience that there were many incidents of people augmenting their income by stealing and then pawning television sets. They knew that while the items were being transported

*nied* 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed. 2d 113 (1958).

they were frequently concealed in blankets or boxes. The officers had in their possession a list of recently stolen appliances for which they were to be on the lookout. Prior to going on duty on the day in question, they had been told at roll call to be on the alert for stolen television sets. When the officers observed a man whom they later learned was co-defendant Keith carrying a television set stuffed into a box which was not its original container into an alley, they followed to get a better look at what was going on. After the scout car had followed Keith into this alley and drew up alongside of him, Officer Huffstutler got out to question him; but, noticing a second man carrying a TV stand some distance ahead, Huffstutler left the questioning of the first man to his partner and pursued the second man. Apparently noticing the scout car and the officers, the second man, defendant Adams, started to run at a fast jog, discarding and attempting to conceal the TV stand behind a dump truck parked in the alley. After a chase of about 50 feet, Huffstutler caught Adams and took him into custody. Adams gave no explanation.

It is the law of this jurisdiction that to protect the property of the community which employs them, the police have a duty in the course of their patrols to observe more closely circumstances which arouse their suspicions. This is an important reason for the presence of the police on the streets.[2] This duty also distinguishes this case from Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959), where Federal Bureau of Investigation agents with circumscribed authority, while searching for liquor stolen from an interstate shipment, came upon stolen TV

sets. Rios v. United States, 364 U.S. 253, 262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305, 314 (1967). Routine investigations by police of suspicious circumstances, which neither point an accusing finger at any one individual nor launch a search, do not constitute arrest and may be justified by evidence less than that needed for probable cause. Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305, 315, n. 9 and cases cited therein (concurring opinion, 1967). *Miranda* specifically permits such inquiry, and it is of no legal consequence that citizens not under restraint may during such questioning nevertheless be temporarily detained.[3] Such incidental and brief restraints by the police in the course of their duties are both necessary and tolerable. They do not produce the custodial circumstances contemplated by *Miranda*. Allen v. United States, 390 F.2d 476, 479 D.C.Cir., 1968).

For these reasons, the Court finds the officers reacted properly to their suspicions in approaching Keith, and when in the course of this inquiry they witnessed the additional elements of Adams' flight and of Keith's conflicting answers to their questions, they then had probable cause to arrest Keith. For these reasons, insofar as the admissibility of the television set is concerned, the Court holds that the TV set was seized pursuant to this lawful arrest.

In turn, the information Keith gave combined with defendant Adams' precipitous flight and attempted concealment became part of the total situation properly considered by the officers in arresting Adams. Flight alone does not supply probable cause but may be con-

**2.** Washington v. United States, 397 F.2d 705, (D.C.Cir., 1968); Bailey v. United States, 128 U.S.App.D.C. 354, 389 F.2d 305, 315, n. 9 (1967); Dorsey v. United States, 125 U.S.App.D.C. 355, 372 F.2d 928 (1967); Freeman v. United States, 116 U.S.App.D.C. 213, 322 F.2d 426 (1963); Green v. United States, 104

U.S.App.D.C. 23, 259 F.2d 180 (1958), *cert. denied* 359 U.S. 917, 79 S.Ct. 594, 3 L.Ed.2d 578 (1959).

**3.** Miranda v. State of Arizona, 384 U.S. 436, 477–478, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

sidered by an officer as part of the total picture. That was what occurred here.[4]

 The officers knew of television thefts in the area. They were charged to be on the lookout for these among other suspicious occurrences. After conflicting and suspicious explanations had been offered by Keith, the flight of the defendant, Adams, the discarding and attempted concealment of the TV stand and considering the totality of the circumstances at that moment in light of what a reasonable, prudent police officer was entitled to believe, it is apparent that there was probable cause to arrest Adams and seize the TV stand.[5]

For these reasons the Court found that the evidence was admissible and denied the motion to suppress. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950).

Thereafter, the defendant took the stand as a witness in his own behalf. His explanation was that he had simply gone with his friend Keith to the apartment of the complainant and while there had taken the TV set and stand for the purpose of pawning them to get some rent money. Defendant said he did not know the complainant and he further testified that complainant was sound asleep when these things happened. The intimation was that the taking was with the consent of the complaining witness. I find this intimation incredible and contrary to the testimony of the complaining witness. On the evidence supplied by the complainant and the police officers, I find the defendant entered the complainant's apartment without permission for the purpose of committing a crime therein and pursuant thereto took the property in question.

It is the conclusion of the Court that Adams is guilty as charged in the indictment.

4. Rios v. United States, 364 U.S. 253, 262, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1959); Green v. United States, 104 U.S.App.D.C. 23, 259 F.2d 180, 182 (1958); United States v. Heitner, 149 F.2d 105, 107 (2d Cir., 1945). *Cf.* Wong Sun v. United States, 371 U.S. 471, 483, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *but see* Washington v. United States, 397 F.2d 705, (D.C. Cir., 1968) at 3.

5. Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Bell v. United States, 102 U.S.App.D.C. 383, 387, 254 F.2d 82, 86, cert. denied 358 U.S. 885, 79 S.Ct. 126, 3 L.Ed.2d 113 (1958); Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925).