UNITED STATES, Appellee,

v.

**William H. HOBBS, Specialist Four, U.S. Army, Appellant.**

No. 34,789.
CM 434643.

U. S. Court of Military Appeals.

Nov. 19, 1979.

For Appellant: *Colonel Robert B. Clarke, Lieutenant Colonel John R. Thornock, Major Benjamin A. Sims, Captain Larry D. Anderson, Captain R. Stuart Broom* (on brief).

For Appellee: *Colonel Thomas H. Davis, Lieutenant Colonel R. R. Boller, Captain Richard A. Kirby, Captain Richard A. Cefola* (on brief).

**PER CURIAM:**

The accused challenges the sufficiency of the evidence to support his conviction for wrongful possession of heroin and he contends that the trial judge's conduct deprived him of a fair trial. We decide both contentions against him.

On November 27, 1975, a German customs inspector, aboard a train that had entered the Federal Republic of Germany from the Netherlands, saw the accused sitting by himself. Accused's seat was next to a window, in a section of a car described as an "opened carriage" type. The seats of the section were so arranged that the area could accommodate four persons. As the inspector approached the accused, it appeared to him that the accused "wasn't quite calm." He "motioned" to the accused to rise and leave his seat. As the accused complied, the inspector saw a newspaper between the seat and the side wall of the train. The inspector felt the paper, which was a copy of the previous day's edition of the International Herald Tribune, an Eng-

lish-language newspaper "commonly sold in many train stations in West Germany." When he touched it, he found it "hard." Further examination led to the discovery of a pair of black gloves; inside one of the gloves was a plastic bag containing a substance later determined to be heroin. Asked whether the gloves were his, the accused "motioned" in a way indicating "[h]e had nothing to do with" them. The gloves were admitted into evidence, and a photograph of them is appended to the record as Prosecution Exhibit 2.

To connect accused further with the gloves in evidence, the Government called, as witnesses, two persons who had previously known him as a neighbor. One witness testified that he had 4 years of experience with "motorcycle racing"; during the period from June to October 1974, he "regularly . . . [saw] the accused riding a motorcycle" and he knew the kind of gloves the accused wore on those occasions. He described the gloves as "touring" gloves, with an "extension" above the palm portion so that "sleeves [can be] stuffed down inside." After examining the gloves in evidence, he was "certain [they were] of the same design" as those worn by the accused, but he could not "say that . . . [they were] the ones he owned."

The second witness testified she had known the accused during the period from September 1973 to February 1975. She stated that, "in [the] late summer of 1974," she, too, had seen the accused ride his motorcycle and that on those occasions he wore black gloves. She described them as "rather large" and each had a "kind of ring attached." Asked whether the gloves in evidence, which she examined in court, were of the "same sort" worn by the accused, she answered "yes." The photographic exhibit indicates that the gloves in evidence are black; are approximately 11 inches long and 6 inches wide; have an extension above the palm of about 3 inches; and each glove has a metal ring attached to it.

A person's presence at a place where contraband is found does not necessarily establish that he has such control over the substance as to invest him with legal possession. *United States v. Wilson,* 7 M.J. 290 (C.M.A.1979); *United States v. Ferg,* 504 F.2d 914 (5th Cir. 1974). However, an inference of control of a tangible article may be drawn from evidence of control over the place in which it is found. *United States v. Aloyian,* 16 U.S.C.M.A. 333, 36 C.M.R. 489 (1966). As the train was a public place, the accused contends that, notwithstanding he was alone in the four-seat section, the evidence is insufficient to support a finding that he possessed the gloves, and, therefore, the heroin. He acknowledges the testimony of the government witnesses, but he insists that it has "no probative value." In my opinion, that testimony amply supports the trial judge's findings.

The logical inference of the continuation of a state of facts from one period to a later is well known to the law. *United States v. Smith,* 14 U.S.C.M.A. 405, 411, 34 C.M.R. 185, 191 (1964); *United States v. Lovell,* 7 U.S.C.M.A. 445, 22 C.M.R. 235 (1956). As applied to the possession of tangible property, the inference is that when possession of a particular article is shown to exist at one time, it may be inferred that it continued into the future. Of course, the strength of the inference will be affected by the interval of time between the date of proved possession and the date of inferred possession, and the nature and use of the article. *Maggio v. Zeitz,* 333 U.S. 56, 66, 68 S.Ct. 401, 92 L.Ed. 476 (1948); 29 Am. Jur.2d, Evidence § 238. I am satisfied that the period here is not so long as to foreclose, as a matter of law, a finding by the trier of the facts that the gloves shown to be in the accused's possession in the late summer and early fall of 1974 were still in his possession in November 1975. I am further satisfied that the points of similarity between the gloves shown to be in accused's possession and those found next to him on the train justify the finding by the trial judge that those found were the accused's. I conclude, therefore, that the evidence supports the finding of guilty.

■■■ In his second assignment of error, the accused contends that the trial judge improperly assumed the role of a government advocate. The charge is based on the judge's questioning of several witnesses. Military practice permits the trial judge to "ask a witness any question that either side might properly ask the witness," but enjoins him to "be careful not to depart from an impartial role." Paragraph 149*b*(3), Manual for Courts-Martial, United States, 1969 (Revised edition). Questions to clarify or amplify matters to which a witness has testified under examination by counsel for either party are allowable. Paragraph 54*b*, Manual, *supra*; *United States v. Marshall*, 12 U.S.C.M.A. 117, 30 C.M.R. 117 (1961). No question asked by the judge was challenged by defense counsel; nor did counsel move to recuse the judge. I have scrutinized the trial judge's rulings and all the questions he asked, and I discern no hint of a prosecutorial bias or of a predetermination of guilt.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER concurs in the result.