UNITED STATES

v.

**Airman First Class Frederick W. BLANCHARD, FR 043–64–8029 United States Air Force.**

**ACM 22532.**

U. S. Air Force Court of Military Review.

18 Dec. 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips, Colonel Larry G. Stephens and Captain Robert G. Gibson, Jr.

Appellate Counsel for the United States: Colonel James P. Porter, Lieutenant Colonel Merton F. Filkins and Captain Robert T. Mounts.

Before HERMAN, ARROWOOD and MILES, Appellate Military Judges.

## DECISION

MILES, Judge:

Contrary to his pleas, accused was convicted by general court martial of transfer of cocaine in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[1] He was sentenced to a bad conduct discharge, confinement at hard labor for 3 months, total forfeitures and reduction to airman basic.[2]

Appellate defense counsel assert that the military judge departed from his impartial role, and that he erred by admitting an informant's performance report in rebuttal to an attack on the informant's credibility. We disagree.

The government's case rested on the testimony of a single critical witness, an informant, Airman James Cox. He testified that the accused transferred the cocaine to him for $10.00. Cox's testimony was partly corroborated by an Air Force Office of Special Investigations (OSI) agent, William Craig, who searched Cox prior to the transfer, furnished him $10, and testified that Cox had no drugs in his possession prior to meeting with accused. Craig observed Cox and the accused go to accused's barracks, and later met Cox who gave him the drugs allegedly purchased from the accused.

The main issue at trial was the credibility of Cox, and the case centered around efforts to discredit or bolster his veracity. His credibility was attacked by evidence of his own prior drug use, inconsistent statements about that use, and his general reputation for truth and veracity. Defense counsel also presented testimony relating to the results of psychological tests administered to Cox, and a psychologist testified extensively concerning Cox's personality and a character disorder which could affect his truthfulness. The prosecution presented, as rebuttal to this strenuous attack, an airman's performance report on Cox and the testimony of a psychiatrist who disagreed with the psychologist's conclusions.

Subsequent to Cox's testimony on direct and cross-examination, the military judge asked Cox 72 questions, and later asked Craig some 32 questions. However, his examination of the informant and Craig were not partisan in nature but were primarily to clarify earlier testimony such as that relative to Cox's drug use. At other times the judge frequently interrupted the defense case. But, the judge's interruptions of both counsel stemmed from their inartful phrasing of questions and was intended to establish a proper foundation for admitting prior inconsistent statements, reputation testimony and testimony of expert witnesses on psychological testing. The military judge allowed wide latitude to the defense, but did require both counsel to examine witnesses properly when eliciting testimony.

■ The number of questions asked by a military judge does not determine departures from his impartiality. *United States v. Shackelford*, 2 M.J. 17 (C.M.A.1976). As the Court of Military Appeals has noted, the military judge is not a mere figurehead and not simply an umpire in a contest between the Government and the accused. "He can ask questions not only 'to clear up uncertainties in the evidence' but also 'to develop further the facts for the better understanding of the court members.'" *United States v. Kimble*, 23 U.S.C.M.A. 251, 253, 49 C.M.R. 384, 386 (1974). In this case, we can find no attack on the accused or his credibility, nor did the judge become an advocate for the prosecution. *United States v. Wilson*, 2 M.J. 548 (A.C.M.R.1976). We find the judge did not depart from his impartial role. *United States v. Hobbs*, 8 M.J. 71 (C.M.A.1979); *United States v. Shackelford, supra*; *United States v. Clower*, 23 U.S.C.M.A. 15, 48 C.M.R. 307 (1974).

■ Proceeding to the second assertion of counsel we discuss, we find no error in the admission, over objection, of Cox's per-

---

1. He was acquitted of using cocaine; and a separate specification of possession of cocaine was dismissed by the military judge, after arraignment, on the basis of multiplicity.

2. Government's Motion To File Supplemental Reply To Assignment of Errors is hereby granted.

formance report. Consistent practice before military courts permits an accused to present evidence of good military performance to bolster his good character and reputation for truth and veracity. For example, see *United States v. Williams*, 3 M.J. 239 (C.M.A.1977); *United States v. Conrad*, 15 U.S.C.M.A. 439, 35 C.M.R. 411 (1965). It is well settled that if the credibility of a witness has been attacked, proof that the witness has a good character as to truth and veracity may be introduced. Manual for Courts-Martial, 1969 (Rev.), paragraphs 138 *f*(1) and 153*b*(2). Moreover, credibility, if attacked, can be bolstered by evidence which might not be otherwise admissible such as that involving prior consistent statements. Manual, supra, paragraph 153*a*. In this case, the defense was given a very wide latitude in their attempt to attack Cox's credibility. In view of these circumstances, particularly the extensive testimony by the defense witnesses as to Cox's personality, we regard Cox's performance report as relevant and probative rebuttal evidence on character as to veracity. However, by our decision in this case, we do not hold that Airman Performance Reports are generally admissible to prove character for truth and veracity of a witness. Here, the military judge did not abuse his discretion in permitting its admission to rebut the wide based defense attack. Manual, supra, paragraphs 138*f*(1) and 153*b*(2); *United States v. Fields*, 3 M.J. 27 (C.M.A.1977); *United States v. Kehrer*, 41 C.M.R. 892 (A.F.C.M.R.1969), pet. denied, 19 U.S.C. M.A. 599, 41 C.M.R. 403 (1969).

Appellant also complains that Cox's performance report was inadmissible since it was not authenticated. However, defense counsel did not object to its admission on this ground, and has thereby waived any objection. Paragraph 143*b*(1), Manual, supra. *United States v. Pinkney*, 22 U.S.C. M.A. 595, 48 C.M.R. 219 (1974); *United States v. Evans*, 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972).

The remaining assignments of error have been considered and are resolved adversely to the accused. On the basis of the entire record, the findings of guilty and the sentence are

AFFIRMED.

HERMAN, Senior Judge and ARROWOOD, Judge, concur.