UNITED STATES, Appellee,

v.

Frederick W. BLANCHARD, Airman First Class, U. S. Air Force, Appellant.

No. 38727.

ACM 22532.

U. S. Court of Military Appeals.

July 20, 1981.

For Appellant: *Major Robert G. Gibson, Jr.* (argued); *Colonel Larry G. Stephens* (on brief).

For Appellee: *Captain George D. Cato* (argued); *Colonel James P. Porter, Major Robert T. Mounts* (on brief).

Opinion of the Court

FLETCHER, Judge:

At his trial by general court-martial, appellant was found guilty of wrongful transfer of cocaine.[1] We have examined the military judge's admission of the Airman Performance Report of the government informant as rebuttal of evidence of his reputation for falsehood, and find its admission for this purpose to be error. Nevertheless, absence of any substantial prejudice compels us to affirm the decision of the court below.

During the trial only one witness, the government informant, testified to his eyewitness observation of appellant's misconduct. During the presentation of his case, defense counsel produced evidence of the informant's reputation in his off-base trailer park as being that of untruthfulness. In addition, witnesses expressed personal opinions that the informant was a liar and that they would not believe him under oath. In rebuttal, the Government presented the informant's squadron commander who testified that, in his opinion, the informant was truthful. Additionally, the trial counsel presented the informant's Airman Performance Report to bolster the witness character. Defense counsel's objection to its introduction was overruled.

It is proper both to impeach a witness by demonstrating a reputation for lack of truth and veracity and to rehabilitate him by demonstrating good character for truth and veracity. Para. 153*b* (2)(a), Manual for Courts-Martial, United States, 1969 (Revised edition).

---

1. In violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934; his sentence included a bad-conduct discharge, confinement at hard labor for 3 months, total forfeitures, and reduction to the grade of E–1. The findings and sentence were approved by the convening authority and affirmed by the United States Air Force Court of Military Review. 8 M.J. 655 (1979).

In spite of implicit suggestions by the court below we are unable to agree that the proper practice allows evidence of good military performance to specifically bolster a reputation impeached on the grounds of lack of truth and veracity. Certainly the cases cited by the court are not direct authority for its claim.[2] Logic and close examination of the Airman Performance Report here show no direct relevance to the issue of the informant's truthfulness or veracity. Indeed the Court of Military Review concedes this by saying, "by our decision in this case, we do not hold that Airman Performance Reports are generally admissible to prove character for truth and veracity of a witness." 8 M.J. 655, 657.

Thus it was error to admit this report into evidence for this specific purpose.

Notwithstanding this error, we are unable to perceive any substantial prejudice accruing to the appellant. Wide latitude was afforded the defense to challenge the credibility of the sole prosecution witness. The report was not the only evidence used to rehabilitate his credibility. Under these circumstances it is appropriate to affirm the decision of the United States Air Force Court of Military Review.

Chief Judge EVERETT concurs.

Judge COOK concurs in the result.

2. *United States v. Williams*, 3 M.J. 239 (C.M.A. 1977); *United States v. Conrad*, 15 U.S.C.M.A. 439, 35 C.M.R. 411 (1965).