**UNITED STATES**

v.

**Technical Sergeant James W. BOUIE,
FR 260–68–0755, United States
Air Force.**

**ACM S26296.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Oct. 1983.

Decided 23 May 1984.

Appellate Counsel for the Accused: Colonel Leo L. Sergi and Captain Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before HODGSON, FORAY and O'HAIR, Appellate Military Judges.

DECISION

HODGSON, Chief Judge:

The accused was convicted in a bench trial of disorderly in station, false swearing and presenting a false claim in violation of Articles 134 and 132, U.C.M.J., 10 U.S.C. §§ 934 and 932.[1] He was sentenced to a

1. The military judge acquitted him of using provoking words and making a false official state- ment.

bad conduct discharge, confinement at hard labor for five months, forfeiture of $300.00 per month for five months and reduction to airman first class.

I

The dominant issue in this case may be stated thus: Did the military judge overstep the bounds of appropriate judicial intervention by asking the accused approximately 370 questions? This was far more than asked by trial and defense counsel combined. Appellate defense counsel argue that the trial judge, by his intensive questioning, assumed the role of an advocate for the Government thereby depriving the accused of a fair trial before an impartial and unbiased fact finder.

 The trial judge is not a mere figurehead or referee in a courtroom contest, and he or she may question witnesses as long as an atmosphere of neutrality is maintained. *United States v. Madey*, 14 M.J. 651 (A.C.M.R.1982); *United States v. Jackson*, 700 F.2d 181 (5th Cir.1983). And of course, wider latitude to ask questions is permitted a trial judge in a non-jury case than in a proceeding with court members. *United States v. Cassiagnol*, 420 F.2d 868 (4th Cir.1970). The test is not the number of questions asked, but whether, because of such questioning, the accused was prejudiced. *United States v. Blanchard*, 8 M.J. 655 (A.F.C.M.R.1979); *Daye v. Attorney General of New York*, 712 F.2d 1566 (2d Cir.1983); *United States v. Kelly*, 329 F.2d 314 (3d Cir.1964); *cf. United States v. Wade*, 27 C.M.R. 637 (A.B.R.1958) (prejudicial error where questions by court members "ran into the hundreds.")

 The principal portion of the accused's testimony dealt with his state of mind regarding the false claim and false swearing allegations. His version of what took place was something of a gordian knot which the trial judge attempted, by his

questions, to unravel. This type of questioning is not erroneous where the inquiries are designed to bring out the facts of the case. *United States v. Uptain*, 531 F.2d 1281 (5th Cir.1976). The standard in determining whether the fact finder had abandoned the proper role and takes a partisan view is a subjective one to be gauged by the conduct and the questions posed. *United States v. Masseria*, 13 M.J. 868 (N.M.C.M.R.1982).

 We have examined the trial judge's rulings and all the questions he asked, and see no display of prosecutorial bias or a predetermination of guilt. In fact the accused was acquitted of a significant number of the charges against him. We also find meaningful that no question asked by the judge was challenged by defense counsel nor did he move to recuse the judge. *See generally United States v. Hauck*, 586 F.2d 1296 (8th Cir.1974). In summary, we conclude under the facts of this case that the judge did not abuse his discretion in questioning the accused and did not assume the role of a Government advocate. *United States v. Hobbs*, 8 M.J. 71 (C.M.A.1979); *United States v. Speir*, 564 F.2d 934 (10th Cir.1973).[2]

II

 The remaining assigned error is resolved against the accused.[3] Appellate counsel also suggest that an approved punitive discharge is inappropriately severe given the accused's length of service and overseas record. Considering the offenses of which the accused was convicted together with his past disciplinary history and overall record, we are unwilling to say that a punitive discharge is inappropriate. For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

FORAY, Senior Judge, and O'HAIR, Judge, concur.

**2.** Our decision today should not read as endorsing the trial judge's extensive examination of the accused. Judges must be circumspect at all times to avoid the appearance as well as the existence of unfairness in the court room. *United States v. Conley*, 4 M.J. 327 (C.M.A.1978).

**3.** The defense MOTION FOR LEAVE TO FILE DOCUMENTS is GRANTED.