**UNITED STATES**

**v.**

**Airman David C. CHAVEZ, FR 522–41–0618, United States Air Force.**

**ACM 27216.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 Aug. 1988.

Decided 1 Feb. 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair and Major Lynne H. Wetzell.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Carole W. Hanson.

Before LEWIS, BLOMMERS and KASTL, Appellate Military Judges.

## DECISION

KASTL, Senior Judge:

Airman Chavez asserts that the military judge at his general court-martial for desertion engaged in partisanship which deprived the appellant of a fair trial. We disagree.

The appellant was tried by a general court-martial consisting of members for desertion terminated by apprehension, in violation of Article 85, UCMJ, 10 U.S.C. § 885. He contested the intent to remain away permanently and pleaded guilty to the lesser offense of absence without leave under Article 86, UCMJ, 10 U.S.C. § 886.

Airman Chavez took the stand in his own behalf as to the critical matter of desertion versus absence without leave from his duty station, Minot Air Force Base, North Dakota. He testified that he never intended to remain away permanently from the Air Force; that he was working and saving money to return to Minot; but that he was too frightened to return.

On cross-examination, trial counsel questioned him in detail about various factors bearing on an intent to desert. In particular, Airman Chavez was closely quizzed about a statement he allegedly made to one Christopher Adams, who had processed him into the Littleton, Colorado, detention facility after an arrest by civilian authorities. The purported statement was to the effect that: (a) Airman Chavez was not going to spend his money to fly back to Minot Air Force Base; and (b) military authorities could send the security police to come get him. Trial counsel's peppery questions of Airman Chavez led to an initial denial, then an admission that Chavez had said "something to that effect." At this point, the defense objected that the prosecutor was badgering the witness. The military judge overruled the objection, commenting:

If this were a different witness, I might consider that this is badgering the witness, to keep going over and over and over the same little item. However, one of the elements of the offense that the government has got to prove beyond a reasonable doubt is the intent of the accused not to return, to stay away permanently. If she [the trial counsel] can't prove it, the members of this court can't make that finding. It is an element. I'm going to let her hammer on it as long as she needs to.

Premised on this comment before the court members, Airman Chavez claims that the military judge abandoned his unbiased, impartial role and thereby denied the appellant a fair trial.

◼ Most of the reported cases in this area deal with allegations that the military judge has departed from a neutral role by aggressive questioning of witnesses. Here, the problem centers on a different sort of alleged bias—an isolated remark by the military judge which may have indicated partiality and thus swayed the voting members. We perceive the legal issue to remain the same whether the alleged bias arises through aggressive judicial questioning or untoward comments from the bench. Regardless of the factual context in which the problem arises, this case is light-years away from those in which the military judge becomes a partisan or abandons his proper role. *See United States v. Shackelford,* 2 M.J. 17, 19 (C.M.A.1976); *United States v. Bouie,* 18 M.J. 529, 530 (A.F.C.M.R.1984); *United States v. Thomas,* 18 M.J. 545 (A.C.M.R.1984). *See also United States v. Kimble,* 23 U.S.C.M.A. 252, 49 C.M.R. 385 (1974).

◼ Here, any inference of partiality by the military judge disappears when considered in light of the entire record of trial. In the first place, the military judge was evenhanded—even generous—to the appellant. He ordered certain matters concerning Air Force Form 2098, Duty Status Change, to be masked, commenting: "The accused is pleading not guilty to desertion, and I believe that the government should prove that, if it can, by other reliable evidence, rather than by the remarks of some clerk ... to give him a fair chance." On voir dire, the military judge asked the members to insure that they were in the frame of mind "that you would want court members to be" in the event of a trial of "a young member of your own family." During the case in chief, he gave a *sua sponte* limiting instruction on uncharged misconduct. He ruled in the defense's favor on various issues, keeping a potentially damaging witness off the stand and refusing to admit both a record of counselling of Air-

man Chavez in regard to a prior absence from duty and documentation from the Littleton, Colorado, police authorities.

We also note that the military judge specifically advised the members to disregard any comment he may have made which might influence them in their determination of whether or not the accused was guilty of desertion. We believe this general exhortation aids in dispelling any notion of prejudice. *See United States v. Grandy*, 11 M.J. 270, 277 (C.M.A.1981).

Carefully reviewing this record in its entirety, we are convinced that the military judge did not err. He neither favored one side nor departed from his role as umpire and searcher for truth. *See generally* R.C. M. 801(a)(3) and *United States v. Callahan*, 21 M.J. 302 (Sum.Dis) (C.M.A.1985) and cases cited. In sum, we are convinced that, by one isolated remark, the military judge did not abandon the cloak of impartiality to put on the armor of the advocate. *See In re United States*, 286 F.2d 556, 561 (1st Cir.1961); *see also* Annot., 62 A.L.R.2d 166, 260 (1958) (extensive gathering of precedents).

Our attention is invited to the contention that the evidence is factually insufficient to support the conviction for desertion. We have reviewed the record and the well-crafted response of government appellate counsel and are convinced that the appellant was properly convicted of the offense of desertion terminated by apprehension. *See United States v. Washington*, 24 M.J. 527, 528–529 (A.F.C.M.R.1987).

The findings of guilty and the sentence are

AFFIRMED.

Senior Judge LEWIS and Judge BLOOMERS concur.