**UNITED STATES, Appellee,**

v.

**Bernard R. DeWITT, Specialist Four,
U.S. Army, Appellant.**

No. 32,556.

SPCM 11663.

U. S. Court of Military Appeals.

Oct. 17, 1977.

*Captain Nicholas P. Retson* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey, Captain Robert D. Jones,* and *Captain Sammy S. Knight.*

*Captain Jack M. Hartman* argued the cause for Appellee, United States. With him on the brief were *Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Captain Lee D. Shinasi,* and *Captain John F. DePue.*

Opinion of the Court

PERRY, Judge:

The appellant was convicted by a special court-martial of being absent without leave from March 25, 1975, to June 18, 1975, and from July 25, 1975, to July 30, 1975, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. He was sentenced to a bad-conduct discharge and reduction to the lowest enlisted grade. The convening authority approved the findings and the sentence. By written opinion,[1] the United States Army Court of Military Review affirmed.

Following an unsuccessful attempt to have the military judge rule inadmissible Prosecution Exhibit 1, a Department of the Army Form 4187, offered to establish the inception date of the first period of absence (Specification 2 of the Charge, alleging an absence from March 19 to June 18, 1975), the appellant changed his initial not guilty plea to one of guilty. However, his statement during the providency inquiry into this plea, that he had obtained an extension of his leave until March 25, resulted in the judge rejecting the plea as improvident and entering a not guilty plea on the appellant's behalf. In the trial on the merits, the Government rested its case on this offense after gaining admission of the questioned document. In his defense, the appellant testified about the extension of his leave.

---

1. *United States v. DeWitt,* 2 M.J. 817 (A.C.M.R., 1976).

Thereupon, the trial judge found the appellant guilty of the lesser, judicially admitted period of absence from March 25 until June 18.

The appellant has urged this Court to find that there is no competent evidence to support the findings as to the first alleged absence. He bases his conclusion on his claim, first made at trial, that the exhibit which is the only prosecution evidence on the matter is inadmissible hearsay[2] and that the appellant's judicial admission was "impelled" by the erroneous ruling of the trial judge admitting this exhibit into evidence. *See United States v. Bearchild,* 17 U.S.C.M.A. 598, 38 C.M.R. 396 (1968). We do not agree.

As did the Court of Military Review below, we will assume for purposes of this appeal that it was error to admit Prosecution Exhibit 1 into evidence against the appellant. However, the appellant's judicial admission is fully adequate to sustain the findings of guilty of the lesser period unless the appellant's trial testimony can be found somehow to have been impelled by the erroneous evidentiary ruling. This is precisely what the appellant now claims, citing to us this Court's decision in *United States v. Bearchild, supra.* There, the Court, relying on an 18-day old decision of the United States Supreme Court in *Harrison v. United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968), held that the accused's trial testimony was inadmissible fruit of his illegally procured confession which had been admitted into evidence, as the Government had not affirmatively rebutted the inference that the testimony was impelled by the use of the confession at trial.

We believe that the appellant interprets *Bearchild* too broadly. The rationale of that decision is found, *inter alia,* in the following portion of the Supreme Court's opinion in *Harrison, supra* at 222, 88 S.Ct. at 2008 (emphasis added) (footnotes omitted), quoted in part by the *Bearchild* Court (17 U.S.C.M.A. at 602, 38 C.M.R. at 400):

> Here, however, the petitioner testified only after the Government had illegally introduced into evidence three confessions, all *wrongfully obtained,* and the same principle that prohibits the use of confessions so *procured* also prohibits the use of any testimony impelled thereby—the fruit of the poisonous tree, to invoke a time-worn metaphor. For the "essence of a provision forbidding the *acquisition of evidence in a certain way* is that not merely evidence *so acquired* shall not be used before the Court but that it shall not be used at all." *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 392, 40 S.Ct. 182, 183, 64 L.Ed. 319.

As the Supreme Court subsequently made clear in footnote 10 at 224, 88 S.Ct. 2008, the fruit of the poisonous tree is kept out as evidence for the same reasons the illegally obtained primary evidence is kept out: to deter such illegal investigative techniques and to insure judicial integrity—that is, to restore the state of the evidence to what it would have been without the Government's illegal activity.

Such lofty motive as prompted the Supreme Court in *Harrison* and this Court in *Bearchild* would not be served by extending this doctrine to instances such as this case, where there is no primary illegality on the part of the Government's investigators.[3] In

---

**2.** The sense of the contention is that the document is not admissible as an official record because it does not reflect that the commanding officer had verified the reported change in the appellant's duty status, as was required by the governing regulation—an interpretation of the regulation which the Government resists. This issue is moot in light of our resolution of the defense assertion that the other evidence of guilt—his trial admission—was impelled by the ruling admitting the document.

**3.** Federal Courts of Appeals have similarly ruled. In *United States v. Bohle,* 475 F.2d 872 (2nd Cir. 1973), the court summarized the petitioner's claim under *Harrison* and disposed of it as follows:

> Nor are we persuaded by appellant's second argument against admissibility [at his second trial of his testimony at his first trial]. On appeal from Bohle's first conviction, the testimony of a psychiatrist testifying for the prosecution was held inadmissible because "the results of a test on which the doctor had

these less compelling circumstances, the conscious tactical decision of the appellant and his trial defense counsel that the appellant testify as to the alleged absence must carry the day.

> in part based his opinion had not been formulated by the doctor but by someone else who was not in court. . . ." *United States v. Bohle,* supra, 445 F.2d at 69. Appellant relies on *Harrison v. United States,* supra, in which the Supreme Court upset a conviction where first-trial testimony of a defendant, given after the Government's introduction of confessions subsequently held unlawful on appeal, was introduced at a second trial following remand. Bohle asserts that his first-trial testimony should similarly have been excluded at his second trial. The argument is flawed. *Harrison* involved defendant testimony "impelled" by introduction of illegal confessions and thus inadmissible as "fruit of the poisonous tree." We see no reason to extend the "fruits" doctrine to testimony "impelled" by mere evidentiary hearsay error, as distinct from unconstitutional police practices.

*United States v. Bohle, supra* at 875–876 (footnote omitted). *Accord, Leary v. United States,* 544 F.2d 1266, 1270 (5th Cir. 1977), where the Court said:

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.

> The final argument offered by Leary is that he was improperly prevented from testifying at his second trial because the trial court refused to exclude the use as cross-examination of Leary's testimony from his first trial. He argues that this testimony was the product of the presumption [that the marihuana Leary allegedly had was imported from Mexico] invalidated by the Supreme Court [on Leary's first appeal, *Leary v. United States,* 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969)]. We are referred to *Harrison v. United States,* 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968), which held that testimony rebutting an illegally acquired confession could not be offered in a retrial after reversal of the initial conviction. The use of an improper presumption is a totally different evidentiary violation from the use of an illegal confession. There is no need for the invocation of the exclusionary rule, which serves to deter future unlawful conduct, when the illegality is not a potentially repetitive occurrence.