UNITED STATES, Appellee,

v.

John R. CONLEY, Seaman Apprentice,
U. S. Navy, Appellant.

No. 33,240.

NCM 76–0495.

U. S. Court of Military Appeals.

April 3, 1978.

Lieutenant Christopher C. Henderson, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief were Lieutenant Karl Zobrist, JAGC, USNR, Captain Paul H. Duvall, USMCR, and Lieutenant Lawrence S. Smith, JAGC, USNR.

Lieutenant Steven D. Moore, USNR argued the cause for Appellee, United States. With him on the brief was Lieutenant Colonel P. N. Kress, USMC.

## Opinion of the Court

FLETCHER, Chief Judge:

Appellant, contrary to his pleas, was found guilty at a special court-martial of unauthorized absence, eighteen bad check offenses, several specifications of false signing of an official document and various service discrediting conduct in violation of Articles 86, 123a, 107 and 134, Uniform Code of Military Justice, 10 U.S.C. 886, 923a, 907 and 934, respectively. He was sentenced by the military judge to, among other punishments, a bad-conduct discharge, forfeitures and a fine. The convening authority approved the sentence as adjudged. The supervisory authority disapproved four of the bad check offenses and the forfeitures and partially reduced the fine, but otherwise approved the adjudged sentence.

At one point in the trial, the following exchange took place concerning the introduction by the government of several pages of the appellant's service record book which contained his written signature:

TC: The government would request that Prosecution Exhibit 24 be received into evidence for the sole purpose of comparing the signatures on Prosecution Exhibits 4 through 21 with those in his service record.

DC: We would object to the introduction of all those documents on the grounds of authenticity. At this time, we would also request permission to voir dire the military judge.

MJ: The objection to Prosecution Exhibit 24 for identification is overruled. Counsel for the defense may voir dire the military judge.

DC: With respect to the bench, has the military judge viewed the exhibits offered and admitted as Prosecution Exhibit 24, that being the entries in the man's enlisted service record book?

MJ: I have not examined them for comparison purpose, but merely in an attempt to locate them as specified by counsel for the government.

DC: Does the military judge have any specific training regarding recognition or identification of handwriting specimens?

MJ: The military judge is a certified documents examiner.

DC: Does the military judge intend to use his training in this field in making any possible decisions as to comparisons of signatures between Prosecution Exhibit 24 and Prosecution Exhibits 4 through 21, those being allegedly checks, dishonored over the signature of the accused?

MJ: I'm of the opinion that it would probably be impossible to disregard that knowledge, once acquired in this field.

DC: It's the position of the defense, Your Honor, that the military judge is being forced into a position where he is being called as an expert witness by the government. This is forseeable to the government, it could have easily been avoided. We therefore contend the possibility exists that the military judge is being forced into a position where he has the possibility of becoming, in effect, a witness for the government in this matter. Therefore, we would exercise a challenge for cause at the discretion of the military judge if he feels that he can't totally disregard this matter.

MJ: Counsel for the government wish to answer?

TC: I would, Your Honor. As a matter of fact that cuts both ways. Just because

the military judge has a little bit more expertise in the area, it would seem to me that that would be all the more protection for the accused if he in fact was not the person who signed the checks. The military judge is not a witness for the government. The military judge is the one that has to determine the authenticity of those checks.

DC: Your Honor, we would contend that evidence introduced by the government is not intended to cut both ways. It's obvious that the government is introducing this evidence with a certain view in mind, and therefore, we can't testify that this evidence is introduced as a matter which is fair and impartial to the accused, has been offered as Prosecution Exhibit 24. Therefore, it would seem only reasonable and proper to infer that this is being offered as an element of the government's case.

MJ: The objection is overruled—rather, the challenge is overruled.

The issue before this court is whether the candid statements of record by this military judge dictate reversal of the appellant's conviction. We believe they do and set aside the conviction.

Article 26(d), UCMJ, states that "[n]o person is eligible to act as a military judge in a case if he is . . . a witness for the prosecution." The opinion of a handwriting expert supporting an identifying comparison of the accused's signature is clearly admissible evidence at a court-martial[1] and constitutes devastating proof for the government.[2] In the case at bar the military judge did not take the witness stand to officially offer his expert testimony for inclusion in the record of trial. Nevertheless, a fair reading of the record of trial establishes "the unavoidable inference" that he had to consider his own expertise as a documents examiner in arriving at the verdict in this case.[3] Such unadmitted but considered evidence is not the mere supplying of "appropriate terminology" or "innocuous in-court aid" on a point not contested or objected to at trial.[4] Therefore, in such a situation as this, we believe the military judge must be considered a witness for the prosecution under Article 26(d), UCMJ, and was disqualified from this point in the court-martial. Since it was prior to findings and no waiver is found, this whole proceeding must be considered void.[5]

In addition, we believe that due process in the military context as embodied in part by the Manual for Courts-Martial would require the military judge to sustain the defense counsel's challenge in the present case. Paragraph 62$f$(13), Manual for Courts-Martial, United States 1969 (Revised edition), states that the military judge should recuse himself where facts exist which indicate that a trial would not be "free from substantial doubt as to legality, fairness and impartiality."[6] Moreover, the general mandate expressed in the Manual for dealing with challenges against the military judge is a liberal policy in favor of sustaining the challenge.[7] We construe these provisions within the context of the military justice system to require the military judge to avoid the appearance, as well as the existence, of unfairness in his court. In the present case, it is clear that the key burden for the successful prosecution of the bad check offenses was matching the signatures on the checks with the accused's signature in his official records. To allow this military judge to decide this case when he openly conceded his inability to arrive at a

---

1. *See* Paragraph 143$b$(1) Manual for Courts-Martial, United States 1969 (Revised edition).

2. 2 Jones on Evidence § 14:46 at 719 (6th ed. 1972).

3. *United States v. Airhart,* 23 U.S.C.M.A. 124, 125–6, 48 C.M.R. 685, 686–7 (1974).

4. *See United States v. Henderson,* 11 U.S.C.M.A. 556, 569, 29 C.M.R. 372, 385 (1960).

5. *United States v. Wilson,* 7 U.S.C.M.A. 656, 660, 23 C.M.R. 120, 124 (1957).

6. *See also* A.B.A. Standards, The Function of the Trial Judge §§ 1.5, 1.7 (1972).

7. Paragraph 62$h$, Manual, *supra.*

decision without utilization of his own expertise raises the inference that the government has relied on this particular judge to supplement its case against this accused. Even the appearance of such impropriety and unfairness must be scrupulously avoided in the military justice system.

■■ Finally, we wish to add that the conduct of the military judge in considering his own specialized knowledge as a documents examiner in arriving at his findings raises serious constitutional questions. His persistence in refusing to recuse himself in this matter eviscerates the accused's traditional right to a public trial and flagrantly ignores his right to confront the witnesses against him.[8] We believe that the initial arbiter of guilt or innocence in the military justice system, whether it be a military judge or a court constituted with members, must refrain from considering matters outside the regular course of trial[9] unless they are within common knowledge or experience.[10] Furthermore, we are disturbed by the apparent belief of the military judge that his expertise as a documents examiner can be accepted without the test for truth by cross examination prescribed for other handwriting experts[11] and testimony in general.[12]

Accordingly, the decision of the United States Navy Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Navy. Another trial may be ordered.

Judge PERRY concurs.

COOK, Judge (dissenting):

An accused has no constitutional or statutory right to an ignorant or inexperienced juror. The fact that a juror may have more or less expertise in regard to a matter in litigation does not automatically disqualify him. *United States v. Glaze,* 3 U.S.C.M.A. 168, 11 C.M.R. 168 (1953); *cf. United States v. Sears,* 6 U.S.C.M.A. 661, 20 C.M.R. 377 (1956).

A juror must make a finding of fact on the basis of evidence properly in the case, but in weighing the evidence he is entitled to draw upon his own experience and perceptions. That circumstance is especially apparent in determining whether a writing in evidence was written by the accused on the basis of a comparison of that writing with another that has been shown to be that of the accused. In other words, a juror can be his own handwriting expert. As the Manual puts it, an "admitted specimen of the person's handwriting is admissible in evidence for the purpose of comparison by witnesses *or the court* to prove that the handwriting in question is or is not the person's handwriting." Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 143*b.* (Emphasis supplied.)

The standard instruction to court members in regard to the testimony of a handwriting expert includes a reminder that "[y]ou may, of course, make your own comparison of the various handwriting exemplars which have been introduced as evidence in this case with the questioned writing(s)." Para. 9–21, Department of the Army Pamphlet No. 27–9, Military Judges' Guide (May 19, 1969). *See also Strauss v. United States,* 311 F.2d 926, 932 (5th Cir. 1963), *cert. denied* 373 U.S. 910, 83 S.Ct. 1299, 10 L.Ed.2d 412 (1963). Even the Court of Military Review, as a fact-finding authority, can make its own comparison of writings in evidence and conclude therefrom that the testimony of a handwriting expert is insufficient to convince them beyond a reasona-

---

8. U.S.Const. Amend. VI, and *see generally,* 58 Am.Jur.2d (2nd edition 1971) New Trial §§ 86–88, 90.

9. *See United States v. Reyes,* 30 C.M.R. 776, 787–788 (A.F.B.R.1960), *pet. denied* 12 U.S.C. M.A. 731 (1960); *United States v. Lill,* 15 C.M.R. 472, 478 (A.B.R.1954), *pet. denied sub nom. United States v. McKittrick, Snyder* and *Barr,* 4 U.S.C.M.A. 744 (1954).

10. Paragraph 74*a* (2) Manual, *supra.*

11. Paragraph 143*b* (1), Manual, *supra.*

12. *See Parker v. Gladden,* 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420 (1966).

ble doubt that the accused authored a questioned document. *United States v. Privett,* 4 C.M.R. 392 (A.B.R.1952). In my opinion, therefore, the trial judge, who tried the case without court members, was not required to recuse himself because he had more training and experience in handwriting comparison than another judge at a bench trial might have.

My second reason for disagreeing with the majority is that even if the judge had used his own expertise to determine that the accused was the author of the questioned writings, the accused was not prejudiced because, in his own sworn testimony, he admitted the authorship. The accused seeks to escape the impact of his testimonial admissions by contending that he was coerced into testifying by the refusal of the trial judge to recuse himself. *See United States v. Bearchild,* 17 U.S.C.M.A. 598, 38 C.M.R. 396 (1968). The record convinces me that the accused would have testified in any event, but apart from that circumstance, in *United States v. DeWitt,* 3 M.J. 455 (C.M.A. 1977), the Court held that the *Bearchild* rule, which involves exclusion of evidence obtained by government agents in violation of a constitutional right of the accused, does not apply to a case in which "there is no primary illegality on the part of the Government's investigators." *Id.* at 456. Here, as in *DeWitt,* there was no primary illegality and, therefore, "the conscious tactical decision . . . [by the accused to testify] must carry the day." *Id.* at 457.

I have examined the remaining assignment of error relating to a requested continuance, and I am satisfied the ruling denying the request was not an abuse of the judge's discretion.

I would affirm the decision of the Court of Military Review.