UNITED STATES, Appellee,

v.

**Donald R. ALFRED, Airman Recruit,
U.S. Navy, Appellant.**

Dkt. No. 39,011.

NCM No. 79–0971.

U. S. Court of Military Appeals.

Jan. 12, 1981.

For Appellant: *Lieutenant Lynn M. May-
nard,* JAGC, USNR (on brief); *Lieutenant
Steven A. Curlee,* JAGC, USN.

For Appellee: *Commander T. C. Watson,
Jr.,* JAGC, USN, *Lieutenant Anne L. Mac-
Arthur,* JAGC, USN (on brief); *Captain
John P. Hertel,* USMC.

*Opinion of the Court*

EVERETT, Chief Judge:

A special court–martial composed of a
military judge alone convicted the appel-
lant, notwithstanding his pleas, of attempt-
ed larceny, larceny, forging a check (2 speci-
fications) and uttering a forged check (2
specifications), contrary to Articles 80, 121,
and 123, Uniform Code of Military Justice,
10 U.S.C. §§ 880, 921, and 923, respectively.[1]
The court sentenced the appellant to a bad–
conduct discharge, confinement at hard la-
bor for 100 days, and forfeiture of $279 pay
per month for 3 months. All intermediate
reviewing authorities have approved these
results. Review was granted to determine
the sufficiency of proof regarding the viola-
tions of Article 123. (9 M.J. 198).

The two checks serving as the bases of
the forging and uttering specifications were
checks numbered 107 and 108, stolen from
the checkbook of one T.C. Hodgin and
drawn in the amount of $48.00 and $250.00,
respectively. In weighing the appellant's
guilt. of these charges, the military judge
considered the appellant's confession to
forging and uttering the check in the larger
amount, some handwriting exemplars fur-
nished by the appellant during the investi-
gation, and the checks themselves. In this
Court, the appellant concedes that the evi-
dence amply supports his convictions relat-
ing to the check drawn for $250, but he
argues that the evidence is insufficient to
support findings that he forged and uttered
the smaller check. We disagree.

Specifically, the appellant now challenges
the propriety of the military judge's exami-
nation of the handwritings referred to
above as a basis for his concluding, as the
factfinder, that the appellant did in fact
write the words and figures on the $48.00
check. However, this challenge must fail.
Paragraph 143b(1), Manual for Courts–

---

1. Additionally, the appellant was acquitted of a
further specification of larceny and a charge of
communication of a threat. A final specifica-
tion of larceny was withdrawn by the conven-

ing authority prior to arraignment and an alle-
gation of failure to repair was dismissed by the
military judge after arraignment.

Martial, United States, 1969 (Revised edition), specifically provides (emphasis added):

> When there is a question as to whether certain handwriting is that of a certain person, as when the question is whether a signature appearing on a check or on an admissible photographic copy thereof is in fact the signature of the person who purportedly signed the check, any proved—by evidence raising an inference of genuineness—or admitted specimen of the person's handwriting is admissible in evidence for the purpose of comparison by witnesses *or the court* to prove that the handwriting in question is or is not the person's handwriting.

While this Court condemned a similar comparison by the military judge as factfinder in *United States v. Conley*, 4 M.J. 327 (C.M.A.1978), we did so because the judge there was a certified documents examiner who, by his use of specialized skills,[2] became an expert "witness for the prosecution"—thereby disqualifying himself from presiding over the trial. *Id.* at 329. *See* Article 26(d), UCMJ, 10 U.S.C. § 826(d). Furthermore, there was specific objection by the defense—through a challenge for cause against the military judge—to the judge's use of his special skills.

In the case at hand, however, no similar protest was voiced by the defense to the examination by the military judge of the handwritings. Moreover, there would have been no basis for such a complaint to a factfinder's routine examination of relevant documentary evidence in performing the task of deciding whether the writing on the check is or is not that of the accused. *Cf. United States v. Austin*, 16 C.M.R. 930, 932 (A.F.B.R.1954). While expert testimony on this issue certainly would have been admissible, it would not have been conclusive in any event, for the factfinder still would have been responsible for weighing that testimony in light of the other evidence in the case—including the two checks and the handwriting exemplars—in arriving at a determination of authorship. In light of this, there simply is no legal weight to the appellant's argument that his conviction cannot stand without such expert testimony. In the final analysis, the factfinder—on the basis of all the evidence of record—must decide this, as well as all other factual issues. The evidence here is adequate to support the findings that the appellant did in fact forge and utter the check in question.[3]

The decision of the United States Navy Court of Military Review is affirmed.

Judge FLETCHER concurs.

COOK, Judge (concurring in the result):

I concur in the result. *See* my dissent in *United States v. Conley*, 4 M.J. 327, 330 (C.M.A.1978).

---

2. When the judge was asked by defense counsel whether he intended to utilize his training as a documents examiner, the military judge responded: "I'm of the opinion that it would probably be impossible to disregard that knowledge, once acquired in this field." *United States v. Conley*, 4 M.J. 327, 328 (C.M.A. 1978).

3. The circumstantial evidence against the appellant on the charges of forging and uttering the $48.00 check is strong, including the fact that the number on this check immediately precedes in series that on the larger check which he admitted forging and uttering.