*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

———————————

## UNITED STATES
Appellee

**v.**

## Adam M. PYRON, Master-at-Arms Second Class
United States Navy, Appellant

**No. 22-0277**
Crim. App. No. 201900296R

Argued December 7, 2022 — Decided January 17, 2023

Military Judge: Ryan J. Stormer

For Appellant: *Lieutenant Megan E. Horst*, JAGC, USN (argued).

For Appellee: *Lieutenant R. Blake Royall*, JAGC, USN (argued); *Colonel Joseph M. Jennings*, USMC, *Lieutenant Gregory A. Rustico*, JAGC, USN, and *Brian K. Keller*, Esq.

Chief Judge OHLSON delivered the opinion of the Court, in which Judge SPARKS, Judge MAGGS, Judge HARDY, and Senior Judge CRAWFORD joined.

———————————

Chief Judge OHLSON delivered the opinion of the Court.

This case stems from an interlocutory appeal under Article 62, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 862 (2018). At a rehearing in this case, the military judge denied the Government's motion to admit Appellant's testimony from his original court-martial. We hold that the military judge abused his discretion by excluding this evidence. Because the United States Navy-Marine Corps Court of Criminal Appeals (CCA) reached the same conclusion, we affirm the judgment of the lower court.

## I. Background

The Government charged Appellant with two specifications of attempted rape of a child, one specification of rape of a child, and four specifications of sexual abuse of a child, in violation of Articles 80 and 120b, UCMJ, 10 U.S.C. §§ 880, 920b (2018). These charges arise from a February 2019 Super Bowl party that Appellant attended at the home of a family friend in Yokosuka, Japan, where an eight-year-old girl and a six-year-old girl were present.

In his original trial (*Pyron I*), Appellant testified under oath on the merits. The CCA in its Article 62 decision summarized Appellant's trial testimony as follows:

> [Appellant] stated that he was "[p]retty drunk" and did not remember doing what the accusations alleged. After he was confronted with the existence of DNA evidence and testimony from the named victims, [Appellant] stated that he lied to NCIS. [Appellant] testified that he remembered "waking up to a hand on my penis . . . Like my boxers are pulled down and then I look over and I see . . . two smaller fingers and I . . . push that away and . . . I'm trying to push my penis down and I say no and roll over." [Appellant] explained that he did not tell this to NCIS because it "wasn't the same as everything they were saying," and he had no memory of it during his interrogation. [Appellant] explained that he sent incriminating text messages to his wife because he "was so convinced that [he] was a child rapist." [Appellant] stated

> that went to sleep wearing pants with a belt and
> that for a hand to get to his penis, his belt would
> have to be unbuckled, his pants unbuttoned and
> unzipped. [Appellant] also testified that the vic-
> tims reached into his boxers and pulled out his pe-
> nis while he was sleeping.

*United States v. Pyron*, No. 201900296R, 2022 CCA LEXIS 410, at *6-7, 2022 WL 2764366, at *3 (N-M. Ct. Crim. App. July 15, 2022) (unpublished) (all ellipses in original) (second and seventh set of brackets in original) (footnotes omitted).

A panel sitting as a general court-martial convicted Appellant of the charged Articles 80 and 120b, UCMJ, offenses. The members sentenced Appellant to a dishonorable discharge, confinement for thirty-nine years, and a reduction to E-1.

## II. The Initial CCA Appeal

In appealing his conviction in *Pyron I*, Appellant argued to the CCA that he was prejudiced when "the military judge erred in denying a Defense challenge for cause on grounds of implied bias." *United States v. Pyron*, 81 M.J. 637, 639 (N-M. Ct. Crim. App. 2021). The CCA agreed with Appellant and therefore set aside and dismissed the findings and sentence but authorized a rehearing.

The underlying facts of *Pyron I* and the CCA's analysis pertaining to that prior trial are relevant to the disposition of the issue before us. During individual voir dire in *Pyron I*, Lieutenant (LT) Alpha, a prospective panel member, stated that (1) he thought about his daughters " 'not in a good way' " when he reviewed the charge sheet alleging that Appellant had engaged in sexual offenses involving young girls and (2) " 'it would be hard not to' think about his daughters when witnesses testified." *Id.* at 643. As the CCA noted in its decision, "neither trial counsel nor the military judge asked any further questions of LT Alpha" to rehabilitate him. *Id.* And yet later in the process, "the trial counsel [mistakenly] made arguments regarding the [defense] challenge for cause that suggested a rehabilitation colloquy had been conducted, and the military judge

adopted those incorrect facts and based his denial of the [defense] challenge [for cause] upon them." *Id.* at 645 (footnote omitted). Nevertheless, the CCA did "not find that the trial counsel intentionally misled the military judge as to LT Alpha's answers." *Id.* at 645 n.47. Instead, the lower court found that trial counsel made an "honest mistake." *Id.* But because of this prejudicial error, the court set aside and dismissed the findings and sentence and authorized a rehearing. *Id.* at 645.

### III. The Rehearing

At the rehearing (*Pyron II*), the convening authority rereferred the same charges against Appellant as in *Pyron I*. The Government then moved to admit Appellant's testimony from his first trial under Military Rule of Evidence (M.R.E.) 801(d)(2) as an admission by a party opponent. Citing the standards imposed by relevant case law, the Government argued that the "testimony was not induced by the Government's use of wrongfully introduced evidence nor was it the result of ineffective assistance of counsel." The defense opposed the Government's motion, asserting that Appellant's prior testimony "was induced by the Government's actions and it [was] unfairly prejudicial."

The military judge found "that the government ha[d] not shown their actions from the first trial did not induce the accused's testimony in his first trial." He emphasized that the CCA in *Pyron I* "made it very clear that the error . . . was due in large part to the government's error in asserting inaccurate facts about a member during the voir dire process," which "then led the [original military] judge to make inaccurate findings of fact."

The military judge in *Pyron II* then ruled that although there was "no evidence the government's error was done with malice or done intentionally, . . . it was, at the very least, grossly negligent and was highly prejudicial to the accused. The defense has provided some evidence . . . that the accused did testify at his first trial due in some part to this error." He further stated that "the government's error may not rise to the level of 'illegal action' articulated in"

*Harrison v. United States*, 392 U.S. 219 (1968), but "the government should not benefit from their error in [Appellant's] first trial by getting to introduce [Appellant's] testimony from his first trial at his second trial." To conclude otherwise, the military judge observed, "would bring the 'taint' of the first trial into the second." Accordingly, the military judge denied the Government's motion to introduce Appellant's court-martial testimony from the first trial.

### IV. The Article 62, UCMJ, CCA Appeal

In its appeal to the CCA from the military judge's ruling, the Government moved to attach the entire *Pyron I* record of trial "because it was erroneously excluded from the" Article 62, UCMJ, certified record. Over Appellant's objection, the CCA summarily granted the Government's motion to attach. Examining the merits of the underlying issue, the CCA observed that "the military judge expanded the holding of *Harrison* to the facts of [Appellant's] case" and concluded that the military judge abused his discretion by doing so because his decision was based on an erroneous view of the law. *Pyron*, 2022 CCA LEXIS 410, at *13-16, 2022 WL 2764366, at *5-6. This led the CCA to vacate the military judge's ruling and to remand the case for further proceedings. *Id.* at *16, 2022 WL 2764366, at *6. Appellant's appeal to this Court followed.

### V. The Granted Issues

We granted review of two issues:

> I. Whether the lower court exceeded the scope of review under Article 62, UCMJ, and departed from this Court's precedent set in *United States v. Vangelisti* by attaching materials to the record that were not proffered at trial and using them to Appellant's detriment.

> II. Whether the military judge correctly concluded Appellant's testimony from his first court-martial was inadmissible where the Government failed to prove Appellant testified for reasons unrelated to his biased member panel.

*United States v. Pyron*, __ M.J. __ (C.A.A.F. 2022) (order granting review). Because we do not need to consider any of the evidence attached by the CCA to conclude that the military judge abused his discretion, the second issue is dispositive of this case. Therefore, we do not address the first issue.

## VI. Standard of Review

" 'In an Article 62, UCMJ, appeal, this court reviews the military judge's decision directly and reviews the evidence in the light most favorable to the party which prevailed at trial, which in this case is Appellant.' " *United States v. Harrington*, 81 M.J. 184, 188 (C.A.A.F. 2021) (quoting *United States v. Lewis*, 78 M.J. 447, 452 (C.A.A.F. 2019)). "A military judge's ruling on admissibility of evidence is reviewed for abuse of discretion. In order to be overturned on appeal, the [military] judge's ruling must be arbitrary, fanciful, clearly unreasonable or clearly erroneous or influenced by an erroneous view of the law." *United States v. Datz*, 61 M.J. 37, 42 (C.A.A.F. 2005) (citations omitted) (internal quotation marks omitted).

## VII. Applicable Law

There is a "general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." *Harrison*, 392 U.S. at 222). As explained by the Supreme Court:

> A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him.

*Id.*[1] However, the Supreme Court announced an exception to this general rule: If the government engaged in illegal

---

[1] Such testimony also is not subject to exclusion on hearsay grounds. M.R.E. 801(d)(2)(A) provides that a statement "is not

conduct and this conduct prompted the accused's testimony, the government may not use "any testimony impelled" by this illegality because it is "the fruit of the poisonous tree." *Id.* Thus, under *Harrison*, an accused's testimony at a prior trial is admissible at a subsequent trial *unless* (1) the government engaged in *illegal* conduct at the first trial, *and* (2) the government's illegal conduct *induced* the accused's prior testimony. *See id.*

## VIII. Discussion

The military judge in this case misapplied the law to the facts when he ruled that Appellant's testimony from his first trial was inadmissible at his second trial. We reach this conclusion because the circumstances of this case do not meet the first prong of the exception to the general rule that an accused's testimony at a prior trial is admissible at a rehearing. We highlight the fact that the military judge made no finding that the Government engaged in illegal conduct in this case. Rather, in his written ruling he repeatedly refers to the Government's action as merely an "error," and he acknowledges that although the Government's conduct in this case "may not rise to the level of 'illegal action' articulated in *Harrison*" he still wished to penalize the prosecution for its conduct by excluding Appellant's prior testimony. But in *United States v. DeWitt*, this Court's predecessor definitively refused to extend the *Harrison* exception "to instances . . . where there is no primary illegality on the part of the Government's" agents. 3 M.J. 455, 456 (C.M.A. 1977). In light of this precedent, we hold that the military judge abused his discretion when he ruled that Appellant's prior testimony was not admissible at the upcoming trial.[2] Simply stated, when there is no

---

hearsay" if "[t]he statement is offered against an opposing party and . . . was made by the party in an individual . . . capacity."

[2] Appellant alternatively argues that his prior testimony should be excluded under M.R.E. 403. Although Appellant argued this theory of exclusion at the rehearing, the military judge did not address it. Therefore, it is outside the scope of the granted issue, which specifically asks about the military judge's ruling. We do not weigh in on this matter and instead leave this

illegal conduct by the Government then there is no exception to the general rule as articulated in *Harrison*.

## IX. Conclusion

The judgment of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.

---

M.R.E. 403 theory for the military judge to consider upon remand.